Judge BERZON,
dissenting.
I dissent with regard to one issue: I would hold that the instruction regarding official restraint should have been given, as there was some evidence, albeit weak, to support the defense theory. See United States v. Escobar de Bright, 742 F.2d 1196, 1198 (9th Cir.1984) (holding that a defendant is entitled to a jury instruction if there is “some foundation in the evidence” to support his defense).
The evidence showed that (1) the cameras at the Naco station were designed to scan the border, routinely recorded aliens crossing the border, and could see well into Mexico; (2) Agent Kawecki had personally observed undocumented immigrants crossing the border on the camera system; (3) there were three agents other than Kawecki monitoring the cameras on the night that Mendoza-Sandoval was arrested; and (4) in Kawecki’s opinion, it was not just “possible” but “more than likely” that agents witnessed at least one group cross the border that night.
Given this evidence, the only distinction between this case and United States v. Bello-Bahena, 411 F.3d 1083 (9th Cir. 2005), is that Kawecki specifically claimed not to have seen the defendant cross the border, whereas the agent in Bello-Bahe-na simply had “no idea” where he had first seen the defendant. Id. at 1086. But the jury was not required to credit Kawecki’s testimony, as he was cross-examined quite effectively and admitted that ten months had passed before he prepared his report in this case. Moreover, the affirmative evidence supporting an inference of continuous surveillance was much stronger here than in Bello-Bahena, given the agents’ testimony describing the camera array.
Because Mendoza-Sandoval provided at least some evidence from which a jury could reasonably infer that immigration agents observed him crossing the border that night, he was entitled to a jury instruction on his “official restraint” defense. The trial court’s failure to give such an instruction was reversible error. See Escobar de Bright, 742 F.2d at 1198.
I would therefore reverse the conviction, and so dissent.